(No. 75-CR-B-00098—Decided April 1, 1975.)

Akron Municipal Court.

*Mr. Willard F. Spicer*, for city of Akron.

*Mr. Paul F. Buzzi*, for defendant.

McFadden, J.   At the close of the state's case, defendant moved for dismissal.   One ground for the motion was his contention that the statute under which he was charged has no application to the type of activity he was embarking on. The affidavit of complaint alleges that defendant did "with intent to solicit contribution for a charitable purpose * * * by crap table and black jack, did fail to file," etc.   The "Report of Arrest" ticket similarly describes the offense as "Registration of Solicitors (Bingo for Char. Gambling)." The state's evidence also showed that a gambling emporium was in the process of being launched by the defendant and another person. So the court necessarily must determine if that type of activity falls within the purview of the "Registration of Solicitors" statute (R. C. 1716.02) under which defendant is charged.   The pertinent portion of that Code section is: "Every person * * * which intends to solicit contributions for a charitable purpose from persons in this state by any means whatsoever, shall, prior to any solicitation, file," etc.   The key word is "solicit," used several times in the section.   The word "gambling" or any variant of it, does not appear anywhere in the section, or indeed anywhere else in Chapter 1716.

The word "solicit" has been defined many times in all jurisdictions and always in similar words.   The theme running through all the cases is that to solicit means "to appeal for something," "to ask earnestly," "to make petition to,"

**4**

"to plead for," "to endeavor to obtain by asking" and other similar expressions. "Gambling" on the other hand, has in many cases been defined as meaning the staking of money or any other thing of value on an uncertain event, chance or contingency in the hope of a realization of gain.

The two words patently connote two entirely different types of activity. If the legislature had wanted to require both gamblers and solicitors to register, it could have done so but the court cannot read "solicit" to mean "gamble" to supply the lack of such a law. The only possibility for such a construction would require that the words "by any means whatsoever" be interpreted as including gambling as a means of solicitation. The court is of the opinion that such a tortured construction is untenable.

The state has failed to produce any evidence, consistant with the foregoing legal definitions, that the defendant was engaged in solicitation for a charitable purpose as charged.

The defendant is hereby discharged.

*Defendant discharged.*